# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

QUANTAVIAN YEMETRIUS HARRIS,

    Petitioner,

v.                                           CASE NO. 8:11-CV-793-T-30TBM
                                              CRIM. CASE NO. 8:07-CR-261-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). According to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a judge "must dismiss the motion" when it "plainly appears . . . that the moving party is not entitled to relief." Petitioner's motion is untimely and does not warrant relief. Therefore, it must be denied.

**Procedural Background**

Petitioner was charged by Indictment with one count of conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of crack cocaine, and four counts of distributing crack cocaine (CR Dkt. 1). On August 1, 2007, Petitioner pleaded guilty pursuant to a written plea agreement[1] (CR Dkts.

---

[1]Petitioner pleaded guilty to Count One of the Indictment, the conspiracy charge, and the Government dismissed the remaining counts of the Indictment (CR Dkt. 30).

16, 19). On November 7, 2007, Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1 to two hundred sixty-two (262) months imprisonment to be followed by five years of supervised release (CR Dkts. 28, 30). Petitioner did not appeal.

Petitioner signed his original Section 2255 motion on February 21, 2011 (CV Dkt. 1). Petitioner claims that he is actually innocent of his career offender sentence because he did not have at least two qualifying prior convictions as defined in U.S.S.G. § 4B1.1. Specifically, he argues that his prior conviction under Section 893.13(1), Fla. Stat., was not a qualifying controlled substance offense under U.S.S.G. § 4B1.1. Petitioner further argues that this Court lacked jurisdiction to impose the career offender sentence since Petitioner did not have at least two qualifying prior convictions.

## Discussion

**I.      Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

Petitioner pleaded guilty and judgment was entered on November 7, 2007 (CR Dkt. 30). Petitioner filed no direct appeal. Consequently, under the appellate rules in effect when the judgment was entered, Petitioner's conviction became final on November 24, 2007, when the ten-day period for filing a notice of appeal expired. Fed. R. Crim. P. 45(a)(1); Fed. R. App. P. 4(b)(1)(A)(I) (West 2005). Petitioner had until November 24, 2008, to timely file a Section 2255 motion. Petitioner did not file his original Section 2255 motion until more than two years after the expiration of Section 2255's one-year limitation. Accordingly, the motion is time-barred.

Petitioner argues that his Section 2255 motion is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the decision in *Johnson v. United States*, 130 S.Ct. 1265 (2010). In *Johnson*, the United States Supreme Court held that, under Florida law, a felony battery conviction is not a "violent felony" under the Armed Career Criminal Act. Relying upon 28 U.S.C.§ 2255(f)(3), Petitioner argues that *Johnson* established a new substantive rule of law that applies retroactively on collateral review and, consequently, the March 2, 2010, decision in *Johnson* triggered the start of his federal limitation for timely filing a Section 2255 motion. *See* 28 U.S.C. § 2255(f)(3). Petitioner's argument lacks merit.

3

First, for Petitioner to avail himself of the date of the *Johnson* decision to establish the timeless of his motion under Section 2255(f)(3), he must demonstrate that *Johnson* applies retroactively. *Johnson* includes no statement from the Supreme Court that the decision applies retroactively to cases on collateral review. No binding Eleventh Circuit decision requires retroactive application of *Johnson* to Petitioner's Section 2255 motion, and he cites no legal authority to support his contention that *Johnson's* date is the appropriate trigger for the federal limitation in determining the timeliness of this Section 2255 motion.

Moreover, even if *Johnson* announced a new substantive rule of criminal law retroactively applicable to cases on collateral review, Petitioner's Section 2255 motion is still untimely. *Johnson* discussed what constitutes a "violent felony."[2] Petitioner's status as a career offender was not dependent on a prior conviction for a crime of violence. Instead, Petitioner had two prior controlled substance offenses. See U.S.S.G. § 4B1.1(a) (2007) (designating a defendant a career offender if he, *inter alia*, has "at least two prior felony convictions of either a crime of violence or a controlled substance offense"). Therefore, even if *Johnson* announced a new right retroactive on collateral review, it is inapplicable to Petitioner's case.

Consequently, the timeliness of Petitioner's motion is calculated from November 24, 2007, the date that his conviction became final. As discussed above, the instant motion, filed

---

[2] A "violent felony" is the equivalent of a crime of violence under the career offender provision. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

on February 21, 2011, is untimely and federal review is precluded absent a demonstration of equitable tolling.

Equitable tolling requires both extraordinary circumstances and due diligence. *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

A change in the law is not an extraordinary circumstance. *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir. 2007). Consequently, Petitioner cannot avail himself of the benefit of equitable tolling because he fails to demonstrate an extraordinary circumstance that prevented him from timely filing his Section 2255 motion.

**II.    Actual innocence**

To the extent that Petitioner asserts the argument that he is actually innocent of the career offender enhancement (CV Dkt. 1 at 18-21), he cannot obtain relief. Generally, actual innocence may serve to overcome the procedural bar caused by the untimely filing of a Section 2255 motion. *United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005).

5

However, "actual innocence" does not apply to a career offender designation because that designation is not a separate substantive offense for which Petitioner stands convicted. *See Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011) ("A defendant who is convicted and then has the § 4B1.1 career offender enhancement . . . applied in the calculation of his sentence has not been convicted of being guilty of the enhancement.") ("*Gilbert II*"). *See also Bido v. United States*, 2011 WL 2899606 at *2 (11th Cir. July 20, 2011) (applying *Gilbert II* and rejecting the petitioner's claim that he was actually innocent of the career offender enhancement). Accordingly, Petitioner cannot satisfy the actual innocence exception to lift the procedural bar caused by his failure to timely file his motion to vacate.

### III. Cognizability

Even if Petitioner's Section 2255 motion were timely, he is not entitled to relief. Collateral relief under Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988). Petitioner challenges the trial court's application of the Sentencing Guidelines, a non-constitutional issue that provides no basis for collateral relief. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998).

## IV. Appeal waiver

Even assuming, *arguendo*, that Petitioner's claims were cognizable, Petitioner's appeal waiver bars their review. Petitioner's written plea agreement includes an express waiver of his right to appeal or collaterally attack his sentence:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court </u>pursuant to the United States Sentencing Guidelines: (b) the ground that the sentence exceeds the statutory maximum penalty; or ( c) the ground that the sentence violates the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(CR Dkt. 16 at 12) (emphasis in original).

An appeal waiver in a plea agreement is enforceable if the waiver is made knowingly and voluntarily. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). A knowing and voluntary waiver precludes a defendant from collaterally attacking his conviction in a Section 2255 motion. *Williams v. United States*, 396 F.3d at 1342. Petitioner neither challenges the validity of his plea agreement or the waiver, nor demonstrates that any of the exceptions specified in the waiver apply to permit collateral review of his claims. Consequently, Petitioner's claim is barred from federal review in this Section 2255 motion. *See Boyle v. United States*, 2011 U.S. App. LEXIS 22623, at *7 (11th Cir. Nov. 7, 2011) (unpublished opinion) ("to the extent

Boyle's § 2255 motion claims that, in light of *Archer*, the district court erroneously applied the § 4B1.1 career offender enhancement in the guidelines, that issue is barred by Boyle's sentence appeal waiver in his plea agreement").

V.     **Procedural Default**

Another reason Petitioner is not entitled to relief is that his claims are procedurally defaulted because he failed to raise them on direct review. Petitioner's basic argument is that he is legally innocent of his career offender sentence because his prior conviction for trafficking in cocaine does not constitute a controlled substance offense under U.S.S.G. §4B1.1. To appropriately raise that issue, he was required to make that argument at the time of sentencing and then again on direct appeal. He did neither.

The Eleventh Circuit recently addressed this issue in *McKay v. United States*, 657 F.3d 1190, 2011 U.S. App. LEXIS 19422, 2011 WL 4389641, at *20 (11th Cir. Sept. 22, 2011) and said:

> Just like the movant in *Pettiford*,[3] McKay makes the purely legal argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the Guidelines. McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of factual innocence of the predicate offense. No circuit court has held that the actual innocence exception is available for claims of purely legal innocence, like McKay's, and we refuse to do so as well.

Accordingly, Petitioner's claims are procedurally defaulted.

---

[3]*United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010) (footnote not in original).

## VI. Jurisdiction

To the extent Petitioner argues that his claim cannot be waived or defaulted because this Court lacked jurisdiction to sentence him with the career offender enhancement, this argument is without merit. Petitioner's claim is not a jurisdictional claim. Instead, the claim challenges the length of the sentence, and asserts that the Court erroneously sentenced him as a career offender. *See Scott v. United States*, 997 F.2d 340, 341 (7th Cir. 1993) ("A claim that the judge misapplied the Sentencing Guidelines does not challenge the jurisdiction of the court or assert that the judge exceeded the statutory maximum."). *See also United States v. Graham*, 2007 U.S. Dist. LEXIS 99154, at *8 (N.D. Fla. Nov. 29, 2007) ("An alleged error in sentencing does not divest this Court of jurisdiction, *see* 18 U.S.C. § 3231 (district court has original jurisdiction of 'all offenses against the laws of the United States[.]'")); *Curtis v. United States*, 2011 U.S. Dist. LEXIS 126701, at *6 fn.2 (M.D. Fla. Nov. 2, 2011) ("There is no question but that a district court lacks the authority to sentence a defendant as a career offender if defendant does not have a sufficient number of qualifying prior convictions. This is not the same thing as saying a court is without 'jurisdiction', which refers to 'the courts' statutory or constitutional power to adjudicate the case.'") (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)(quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998))).

Accordingly, Petitioner's "lack of jurisdiction" claim is without merit, and does not excuse his waiver and procedural defaults.

**Evidentiary Hearing**

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED**.

2. The Clerk is directed to terminate from pending status the motion (CR Dkt. 34) filed in the corresponding criminal case number 8:07-cr-261-T-30TBM.

3. The Clerk is directed to enter judgment against Petitioner and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 21, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner, *pro se*
　　　　　Counsel of record